DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Rose Wilcher, ) | |
| ) | CASE NO. 5:05CV866 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | (Resolving Doc. No. 42) |
| City of Akron, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **I. INTRODUCTION**

Defendant Time Warner is the cable system provider in and around the City of Akron, Ohio pursuant to a franchise agreement between Time Warner and the Defendant City of Akron. In this action, Plaintiff claims that she was denied access to the public, educational and governmental programming channel ("the public channel") based on the joint conduct of the defendants. The lawsuit came after Time Warner, pursuant to the franchise agreement, applied to the Defendant City of Akron and was permitted to place certain conditions for submitting tapes to be shown on the public channel. Plaintiff objects to being required to pay $25 per tape submitted for broadcast and further claims as unlawful the restriction that the tape be submitted from someone in the limited geographic area served by Time Warner in and around Akron, Ohio.

Plaintiff states three causes of action in its amended complaint against both defendants: (1) a violation of her first amendment rights pursuant to 42 U.S.C. Section 1983; (2) a violation of the Cable Communications Policy Act, 47 U.S.C. Section 531; and (3) a private taxpayer's suit against defendants for failing to protect her rights pursuant to their contractual relationship.

(5:05CV866)

Time Warner has filed its Fed. R. Civ. Pro. 12(b)(6) Motion to Dismiss (Doc. No. 42). Plaintiff has responded and Time Warner has filed a reply brief in support.

## II. PROCEDURAL BACKGROUND

On April 1, 2005, Plaintiff filed her complaint and sought a Temporary Restraining Order to prevent implementation of the new rules related to submission of materials for the public channel. On April 4, 2005, the Motion for a Temporary Restraining Order was denied (Doc. No. 4). Plaintiff's motion for a preliminary injunction was heard by Magistrate Judge Gallas on April 11, 2005. On May 13, 2005, Magistrate Judge Gallas issued his Report and Recommendation that the motion for a preliminary injunction should be denied (Doc. No. 23). On June 6, 2005, the Court adopted the Report and Recommendation of the Magistrate Judge (Doc. No. 24).

The Court conducted a Case Management Conference on July 7, 2005 at which time it placed this matter on the Standard Track (Doc. No. 37).

On September 6, 2005, the Court granted Plaintiff leave to file an Amended Complaint. The Defendant City of Akron filed an answer (Doc. No. 40). In lieu of filing an answer, Defendant Time Warner filed the pending motion to dismiss (Doc. No. 42).

## III. STANDARD FOR RULE 12(b)6 DISMISSAL

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted)). When a complaint is challenged under Fed. R. Civ. P. 12(b)(6), its allegations should

2

(5:05CV866)

be construed favorably to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), and its factual allegations, "construed as to do substantial justice," Fed. R. Civ. P. 8(f), must be accepted as true. See United States v. Gaubert, 499 U.S. 315, 327 (1991); Hishon, 467 U.S. at 73; Conley, 355 U.S. at 48. See also Hospital Bldg. Co. V. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976) ("take as true the material facts alleged"). The sufficiency of a complaint, however, is a question of law, Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir. 1987), and the court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

In general, notice pleading under the Federal Rules "do[es] not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47 (failure of complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient ground for dismissal of the suit) (footnote citing Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

### A. Count One: Violation of First Amendment Pursuant to 42 U.S.C. Section 1983

Defendant Time Warner, as a private, for profit corporation would not generally be deemed to be a state actor unless Plaintiff demonstrates that its actions may be "fairly attributable" to the state. Lugar v. Edmonson Oil, Co., Inc., 457 U.S. 922 (1982).

Both parties agree that to determine whether or not Time Warner may be considered a state actor, three tests have emerged: (1) the public function test; (2) the state compulsion test;

3

(5:05CV866)

and (3) the symbiotic relationship test. Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir. 2000). Upon examination of these three tests, the Court concludes that Plaintiff does not allege facts which, if proven, would make Defendant Time Warner, a state actor.

### 1. Public Function Test

The public function test requires that "the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." Wolotsky v. Huhn, 960 F.2d 1331, (6th Cir. 1992). In Wolotsky, the Sixth Circuit affirmed the decision of this Court that a private not for profit counseling center with governmental contracts to provide mental health services to individuals was not a state actor pursuant to the tests described above.

Defendant argues there are no cases in which a private cable system operator has been held to be performing a public function. Plaintiff asserts that public access channels present a novel situation when it comes to public function because "as cable systems developed, many municipalities became their own PEG channel managers, as opposed to appointing a nonprofit organization or the cable system itself." Doc. No. 46, Response Brief at 5. PEG, as referred to by the cable statute, is the "public, educational or governmental channel" which the Court herein refers to as "the public channel." See 47 U.S.C. Section 521 et. seq.

With more public entities managing the public channel, Plaintiff suggests without citation to authority, this is becoming a public function. However, even if that could be found to be true, the amended complaint acknowledges that in this case the cable system operator Time Warner is the administrator responsible for providing local broadcast programming (Doc. No. 39,

4

(5:05CV866)

Amended Complaint at paragraph 9). The Court concludes that Defendant Time Warner is not a state actor according to the public function test.

### 2. State Compulsion Test

The Court also concludes that the State Compulsion Test, as applied to the allegations of the amended complaint, would not lead to the finding that Time Warner is a state actor. This test requires that the plaintiff prove that "a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." Wolotsky, 960 F.2d at 1335.

Plaintiff's amended complaint does not allege any such joint action. At paragraph 23 of the amended complaint, Plaintiff alleges that "citizens of Akron raised complaints about sexually explicit material appearing on the community access channel." Although the amended complaint does not specify to whom these citizen complaints were made, it may be fairly understood that both Time Warner and the City of Akron received complaints concerning the public access channel.

But Plaintiff alleges that it was only Defendant Time Warner who proposed community programming rules to the City of Akron in response to those citizen complaints and that the Mayor of Akron approved those proposed changes to the franchise agreement. Doc. No. 39, Amended Complaint at paragraph 25.

Plaintiff argues that she "has alleged joint action by [Time Warner] and the mayor of the City of Akron, who approved the restrictions about which [she] complains." Doc. No. 46,

5

(5:05CV866)

Response Brief at 5. However, as stated in the Sixth Circuit:"More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." Wolotsky, 960 F.2d at 1335 (citations omitted).

Because there is no claim made that the City of Akron so coerced or even offered "such significant encouragement" for the private entity to act, Wolotsky, 960 F.2d at 1335, the Court finds Time Warner is not a state actor for purposes of 42 U.S.C. Section 1983.

### 3. Nexus or Symbiotic Relationship Test

According to the Sixth Circuit, "[u]nder the symbiotic relationship or nexus test, the action of the private party constitutes state action when there is a sufficiently close nexus between the state and challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." Wolotsky, 960 F.2d at 1335 (citations omitted).

Plaintiff cites Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961). In Burton, the City of Wilmington constructed a parking garage which included commercial space for lease. One of the leased premises, a restaurant, refused to serve minorities. The Court found that "the restaurant is operated as an integral part of a public building devoted to a public service." 365 U.S. at 724.

However, the case at bar is different from Burton in several notable ways. The City of Akron did not construct the cable system administered by Time Warner. The City of Akron franchises, pursuant to an agreement, the right to operate the system, but does not lease or rent the cable system to Time Warner. Plaintiff argues Time Warner and the City of Akron acted "hand in glove" to enact these regulations on speech. The amended complaint speaks only to

6

(5:05CV866)

Time Warner seeking the changes pursuant to the franchise agreement.

According to the facts alleged, the Court concludes that Time Warner is not a state actor pursuant to the symbiotic relationship or nexus test.[1] Because Plaintiff has failed to allege facts that would demonstrate that Time Warner is a state actor, Count One, alleging a violation of 42 U.S.C. Section 1983, is hereby dismissed.[2]

**B. Count Two: Plaintiff's Cable Act Claim,**

Count Two of Plaintiff's Amended Complaint seeks to bring an implied private right of action against Defendants based on the Cable Communications Policy Act, 47 U.S.C. Section 531(e). The statute provides:

> "Subject to Section 544(d) of this title, a cable operator shall not exercise any editorial control over any public, educational, or governmental use of channel capacity provided pursuant to this section, except a cable operator may refuse to transmit any public access program or portion of a public access program which contains obscenity, indecency, or nudity."

Defendant objects, claiming there is no implied private right of action because a specific enforcement mechanism is afforded by the Cable Act pursuant to 47 U.S.C. Section 531(c). This provision grants the franchising authority the ability to enforce the terms of a public channel.

---

[1] At the status conference conducted on December 1, 2005, the Defendant City of Akron advanced the argument that it, too, was entitled to dismissal based on reasoning similar to Defendant Time Warner's. By separate Order, the Court grants Defendant City of Akron leave to file a motion to dismiss and affords Plaintiff an opportunity to respond.

[2] Because Plaintiff has not alleged facts that would lead to a finding that Defendant Time Warner is a state actor, the Court will not address Plaintiff's next argument that public access channels are a public forum subject to strict scrutiny analysis based on Justice Kennedy's dissenting opinion in Denver Area Ed. Telecommunications Consortium, Inc. v. FCC, 518 U.S. 727, 794 (1996).

(5:05CV866)

The Eight Circuit, in <u>Leach v. Mediacom</u>, 373 F.3d 875 (8th Cir. 2004) found this factor controlling in determining that there is no implied right of action for third parties pursuant to 47 U.S.C. Section 531(e). "Having carefully reviewed the record, we agree with the district court that there is no implied right of action under 47 U.S.C. Section 531(e), as Congress expressly gave the franchiser enforcement authority." <u>Id</u>. at 896, citing <u>Alexander v. Sandoval</u>, 532 U.S. 275 (2001). This matter has not been addressed by the Sixth Circuit following the <u>Sandoval</u> decision but the Court agrees with the Eight Circuit decision in <u>Leach</u> that 47 U.S.C. Section 531 has a specific enforcement provision in Section 531(c) and that therefore it does not permit an implied private right of action.

Accordingly, the Court grants Defendant Time Warner's Motion to Dismiss Count Two of the Amended Complaint.

**C. Count Three: Plaintiff's Contract Claim**

Plaintiff describes Count Three of its complaint as follows: "Wilcher is alleging that [Time Warner] has repeatedly breached its agreement with the City of Akron, and, under Ohio statutory and common law, she has a cause of action *as a taxpayer* on behalf of the City against [Time Warner]." Doc. No. 46, Response Brief at 11 (citations omitted) (emphasis in original).

Defendant argues that Plaintiff has failed to follow the procedure outlined in the Ohio Revised Code to enforce Sections 733.56 to 733.58 for making such a claim as a taxpayer and that it should therefore be dismissed.

Ohio Revised Code Section 733.59 provides that:

If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in

8

(5:05CV866)

>sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute a suit in his own name, on behalf of the municipal corporation. . . . No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding.

In this case, Plaintiff has not demonstrated written demand upon the law director for the Defendant City of Akron as the statute requires. Further, there is no showing that security for this taxpayer claim has been posted. The statute provides and courts in Ohio have held that the written demand and posting of security are conditions precedent to the filing of a taxpayer suit. See Trock v. Hubbard, 89 Ohio App. 101(1950). Accordingly, Count Three of Plaintiff's Amended Complaint is dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendant Time Warner's Motion to Dismiss the amended complaint (Doc. No. 42) is granted.

IT IS SO ORDERED.

| December 6, 2005 | /s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

(5:05CV866)

(5:05CV866)