DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rose Wilcher, | ) | |
| | ) | CASE NO. 5:05CV866 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | (Resolving Doc. No. 52) |
| City of Akron, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**I. INTRODUCTION**

This cases arises from Plaintiff's objection to being required to pay $25 per tape submitted for broadcast on the local cable public access channel. Plaintiff further claims as unlawful the restriction that the tape be submitted from someone in the limited geographic area served by the cable provider, Defendant Time Warner, which is in and around Akron, Ohio.

By previous Memorandum Opinion and Judgment Entry, the Court dismissed Plaintiff's claims against Time Warner. See Wilcher v. City of Akron, slip op., 2005 WL 3338378 (N.D. Ohio, Dec. 8, 2005)(No. 5:05CV866, Docket Nos. 49-50).[1]

The other defendants in the action, the City of Akron and Mayor Donald Plusquellic (hereinafter "City of Akron"), have filed a motion to dismiss based on Fed. R. Civ. P. 12(b)(6) or, in the alternative, seek judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Docket No. 52).

---

[1] In its earlier Memorandum Opinion, the Court recites a more detailed factual and procedural background for this case as well the applicable standards for Rule 12 motions to dismiss.

(5:05CV866)

Plaintiff has filed a response brief opposing the motion (Docket No. 54) and Defendant City of Akron has filed a reply brief in support of its motion (Docket No. 55).

For the following reasons, the motion to dismiss is granted.

## II. DISCUSSION

In its amended complaint, Plaintiff states the same three causes of action against the City of Akron as against Time Warner: (1) a violation of her first amendment rights pursuant to 42 U.S.C. Section 1983; (2) a violation of the Cable Communications Policy Act, 47 U.S.C. Section 531; and (3) a private taxpayer's suit against defendants for failing to protect her rights pursuant to their contractual relationship.

### A. Count One: Violation of First Amendment Pursuant to 42 U.S.C. Section 1983

The Amended Complaint makes the following allegations that Time Warner and the City of Akron, by enacting the $25 per tape fee and restricting who may submit tapes for viewing, unlawfully deprived Plaintiff of her First Amendment rights:

> 35. Defendants' conduct, under color of state action, was intended to limit programming based on its content.
>
> 36. Defendants' actions and conduct, jointly and severally, constitute a violation of Plaintiff's First Amendment right of free speech without compelling justification.
>
> 37. As a result of Defendants' actions and conduct, Plaintiff will suffer a loss fundamental constitutional rights and economic damage.
>
> 38. Plaintiff seeks a good faith extension of the law to include public access channels as public fora consistent with Justice Kennedy's dissenting opinion in Denver Area Educational Telecommunications Consortium, Inc. v. FCC, 517 U.S.727 (1996).

The amended complaint also alleges that it was Defendant Time Warner who proposed

2

(5:05CV866)

changes to the community programming rules (paragraph 25); that Time Warner submitted those changes to the City of Akron (paragraph 26); and that the City of Akron approved the proposed changes (paragraph 27). The amended complaint also points to the agreement between the City of Akron and Time Warner which provides that Time Warner may propose changes to the franchise agreement and that such changes were subject to approval by the City of Akron and that pursuant to the agreement, "approval shall not be unreasonably withheld." (Amended Complaint, paragraph 22, citing the franchise agreement, at section 16).

The Court previously concluded that Defendant Time Warner could not be deemed to be a state actor and for that reason, Plaintiff's Section 1983 action must be dismissed. (Docket No. 49, Memorandum Opinion, at 7). Plaintiff argues that its claim against the City of Akron must survive the motion to dismiss because the City of Akron is clearly a state actor.

The Court agrees that the City of Akron is a state actor but in this case there is no allegation made of wrongful state action. The amended complaint states that Defendant Time Warner, a private party, initiated the rule changes. As shown above, there is no allegation made of the City of Akron's involvement in those proposed rule changes except to approve them.

In this matter, Time Warner's actions remain private despite approval of the regulations by Defendant City of Akron. To survive the City's motion to dismiss, Plaintiff must allege more than mere approval of the changes to the agreement. As stated in Blum v. Yaretsky, 457 U.S. 991, 1004-1005 (1982):

> our precedents indicate that a State normally can be held
> responsible for a private decision only when it has exercised
> coercive power or has provided such significant encouragement,
> either overt or covert, that the choice must in law be deemed to be

(5:05CV866)

> that of the State. . . .Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the Fourteenth Amendment.

Accord: <u>Lansing v. City of Memphis</u>, 202 F.3d 821 (6th Cir. 2000); <u>Wolotsky v. Huhn</u>, 960 F.2d 1331 (6th Cir. 1992).

For the preceding reasons, the Court grants Defendant City of Akron's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[2]

**B. Count Two: Plaintiff's Cable Act Claim,**

Count Two of Plaintiff's Amended Complaint seeks to bring an implied private right of action against Defendants based on the Cable Communications Policy Act, 47 U.S.C. Section 531(e). The statute provides:

> "Subject to Section 544(d) of this title, a cable operator shall not exercise any editorial control over any public, educational, or governmental use of channel capacity provided pursuant to this section, except a cable operator may refuse to transmit any public access program or portion of a public access program which contains obscenity, indecency, or nudity."

The City of Akron, as did Time Warner, argues there is no implied private right of action because a specific enforcement mechanism is afforded by the Cable Act pursuant to 47 U.S.C. Section 531(c). This provision grants the franchising authority the ability to enforce the terms

---

[2] The Court is sympathetic to Plaintiff's longstanding volunteer efforts to submit excellent programming for the benefit of the community on the public channel. The Court remained hopeful of some accommodation by Defendants for Plaintiff but suspects that Defendants were concerned about creating exceptions to a general rule that appears to have been designed to thwart obscene programming. While it is the Court's personal opinion that Plaintiff may have been an unintended victim of these regulations, there is no basis in law to rule in her favor.

4

(5:05CV866)

related to programming for a public channel. The Eighth Circuit, in Leach v. Mediacom, 373 F.3d 875 (8th Cir. 2004) found this factor controlling in determining that there is no implied right of action for third parties pursuant to 47 U.S.C. Section 531(e). "Having carefully reviewed the record, we agree with the district court that there is no implied right of action under 47 U.S.C. Section 531(e), as Congress expressly gave the franchiser enforcement authority." Id. at 896, citing Alexander v. Sandoval, 532 U.S. 275 (2001). This matter has not been addressed by the Sixth Circuit following the Sandoval decision but the Court agrees with the Eighth Circuit decision in Leach that 47 U.S.C. Section 531 has a specific enforcement provision in Section 531(c) and that therefore it does not permit an implied private right of action.

Accordingly, the Court grants Defendant City of Akron's Motion to Dismiss Count Two of the Amended Complaint.

**C. Count Three: Plaintiff's Contract Claim**

In its previous Memorandum Opinion, the Court concluded that Plaintiff had failed to follow proper procedures to perfect what is in essence a taxpayer's action on behalf of the City of Akron against Defendant Time Warner. Docket No. 49, at 8-9. The Court referred to the requirements of Ohio Revised Code Section 733.56 et. seq.

In its current response brief, Plaintiff argues that the Court may consider this claim a common law taxpayer's action that is not required to follow the statutory requirements.

Without addressing the merits of that position, the Court concludes that because Count Three is the only remaining action in this case, and because Count Three is solely a state law claim, the Court declines to exercise supplemental jurisdiction over the remaining state law

5

(5:05CV866)

claim. See 28 U.S.C. Section 1367(c)(3).

Accordingly, Count Three of Plaintiff's Amended Complaint is dismissed without prejudice. Also, the Court previously indicated that it would grant Defendant Time Warner's Motion to Dismiss Count Three of the Amended Complaint. The Court's previous Memorandum Opinion and Judgment Entry is hereby amended to reflect the Court's conclusion that Count Three of the Amended Complaint is dismissed without prejudice, and not on the merits.

### III. CONCLUSION

For the foregoing reasons, Defendant City of Akron's Motion to Dismiss the amended complaint (Doc. No. 52) is granted as to Counts One and Two of the Amended Complaint. The Court declines to exercise jurisdiction over Count Three, the remaining pendent state law claim, and Count Three is hereby dismissed without prejudice.

IT IS SO ORDERED.

| May 9, 2006 | */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |